UNITED STATES of America, Appellee,

v.

Paul S. BARNES, Appellant.

No. 94–2022.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1994.

Decided Feb. 13, 1995.

**964**

Martin James Kushner, Omaha, NE, argued, for appellant.

William W. Mickle, Asst. U.S. Atty., argued, for appellee.

Before BEAM, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Paul S. Barnes was convicted in federal district court[1] of conspiracy to distribute cocaine, possession of cocaine with intent to distribute, conspiracy to launder money, and money laundering. Barnes appeals his conviction, alleging that wiretap evidence should have been suppressed, that the government failed to prove that he was involved in a conspiracy, and that, as a result of the government's failure to prove a conspiracy, evidence admitted through the co-conspirator hearsay exception should have been excluded. We reject his arguments and affirm the district court.

I.

The wiretap application relevant to this case stated that the government was seeking information regarding the drug-related activities of Barnes and others. Specifically, it sought authorization to intercept telephone conversations concerning "offenses involving the distribution of and possession with intent to distribute a controlled substance, to wit: cocaine, conspiracy to commit this offense, and the unlawful use of a communication facility (telephone) to facilitate these violations, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), and 846." The application did not mention money-laundering offenses.

After the wiretap terminated, the government indicted Barnes for drug offenses. The government later added money-laundering crimes in its Second Superseding Indictment, and the parties have stipulated that evidence from the wiretaps related to the money-laundering charges was submitted to the grand jury that handed down this indictment. The government, however, did not obtain a judicial order authorizing disclosure of the wiretap evidence to the grand jury until after it had obtained the superseding indictment.

A.

■ Barnes argues that the wiretap evidence relating to money laundering should have been suppressed as evidence at trial because it was disclosed to the grand jury before the government requested a judicial order permitting its disclosure, and because the district court's post-disclosure order approving disclosure was invalid.

The wiretap statute requires that the government swiftly obtain judicial approval if it discloses to grand juries evidence of crimes other than those set forth in the original wiretap application. 18 U.S.C. § 2517(5). The danger inherent in disclosure without judicial approval is that the original application may have been a subterfuge, that is, the government, not having probable cause to obtain a wiretap for some crime, might obtain it by purporting to investigate a different crime. We have acknowledged the po-

* The HONORABLE DANIEL M. FRIEDMAN, United States Senior Circuit Judge for the Federal Circuit Court of Appeals, sitting by designation.

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

tential for this kind of abuse. *See United States v. Sedovic,* 679 F.2d 1233, 1237 n. 4 (8th Cir.1982). We have therefore held that a court, when faced with evidence of other crimes obtained in the course of a wiretap, may allow its disclosure only if it determines that:

the original order was lawfully obtained, that it was sought in good faith and not as a subterfuge search, and that the communication was, in fact, incidentally intercepted during the course of a lawfully executed order.

*Sedovic,* 679 F.2d at 1237 n. 4. The district court implicitly made such a determination here in its order authorizing disclosure. We have also said in dictum that judicial approval of the interception of evidence relating to unauthorized offenses might retroactively be granted pursuant to § 2517(5) upon such a showing. *Id.*

Defendant Barnes urges that the statute requires that the prosecutor seek a disclosure order before disclosure. We find, however, that the statute contains no such requirement. It requires only that the prosecutor seek a disclosure order "as soon as practicable." Barnes argues that if application for the disclosure order is made after disclosure, then application was necessarily not made "as soon as practicable." We decline to adopt defendant's argument, and note that Barnes does not argue that the government violated the statute by delaying unnecessarily.

■ The statute, more importantly, does not provide for suppression as a remedy for illegal disclosure. Although 18 U.S.C. § 2515 prohibits introduction of wiretap evidence before a grand jury "if the disclosure of that information would be in violation of this chapter," 528 F.2d at 216, the statute does not provide for suppression for illegal disclosure, only for illegal interception. *See* 18 U.S.C. § 2518(10)(a). "Section 2518(10)(a) defines the disclosures prohibited by § 2515 and the standards for suppressing wiretap evidence." *United States v. Moore,* 41 F.3d 370, 374 (8th Cir.1994); *accord United States v. O'Connell,* 841 F.2d 1408, 1417–18 (8th Cir.1988), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989) ("the reme-

dy of suppression is available for wrongful disclosure under Title III only if the conditions set forth in 18 U.S.C. § 2518(10)(a) are satisfied"). "A motion to suppress does not appear to lie when the complaint is one of improper disclosure, rather than one of unlawful interception." *United States v. Vento,* 533 F.2d 838, 855 (3d Cir.1976). We hold therefore that the only statutory remedy for improper disclosure is a suit for civil damages, not suppression. *See* 18 U.S.C. § 2520; *United States v. Cardall,* 773 F.2d 1128, 1134 (10th Cir.1985); *see also United States v. Cox,* 462 F.2d 1293, 1302 (8th Cir.1972), *cert. denied,* 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223 (1974) (remedy for failure to minimize wiretapping was a civil suit under § 2520). We note, too, that Barnes does not argue that the Fourth Amendment requires suppression of this evidence, so we intimate no opinion on that matter.

### B.

■ Barnes argues that the government failed to use other investigative techniques before obtaining the wiretaps. Although 18 U.S.C. § 2518(1)(c) requires that normal investigative procedures be utilized first, it does not require that the government exhaust all possible techniques before applying for a wiretap. *United States v. Leisure,* 844 F.2d 1347, 1356 (8th Cir.), *cert. denied,* 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 342 (1988); *United States v. O'Connell,* 841 F.2d 1408, 1415 (8th Cir.1988), *cert. denied,* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989). There were sufficient facts set forth in the supporting affidavit to the wiretap application that normal investigative procedures had been tried and failed, and that other techniques appeared unlikely to succeed if tried or were too dangerous. *See* 18 U.S.C. § 2518(3)(c). We find no error here.

### II.

Barnes maintains that the government failed to prove that he was involved in a conspiracy and that hearsay testimony was improperly admitted against him under the co-conspirator exception. Barnes's argument is that the government failed to meet the

threshold requirement for admissibility of a co-conspirator's statements under *United States v. Bell,* 573 F.2d 1040, 1043–44 (8th Cir.1978), because it did not demonstrate by a preponderance of the evidence that Barnes was involved in a conspiracy. We have reviewed the evidence and determined that there was sufficient evidence of defendant's involvement in a conspiracy. The testimony was properly admitted. *See United States v. Garbett,* 867 F.2d 1132, 1134 (8th Cir.1989); *Bell,* 573 F.2d at 1043–44.

 Barnes also argues that failure to give one of his proposed jury instructions on conspiracy was reversible error. The district court has broad discretion in charging the jury. *See United States v. Figueroa,* 900 F.2d 1211, 1216 (8th Cir.), *cert. denied,* 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 675 (1990). We have read the defendant's proposed conspiracy instruction and have compared it to the instructions given and find no material differences.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.